```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


IMER MARTINEZ,                    :
                                  :    Civil Action No. 09-2194 (RMB)
              Plaintiff,          :
                                  :
         v.                       :    MEMORANDUM OPINION
                                  :
STATE OF NEW JERSEY,              :
                                  :
              Defendant.          :
```

**APPEARANCES:**

Plaintiff pro se
Imer Martinez
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08101

**BUMB**, District Judge

Plaintiff Imer Martinez, a pre-trial detainee confined at Camden County Correctional Facility, has copied this Court on a letter to his counsel, which the Clerk of the Court has construed as an attempt to bring a civil action asserting claims pursuant to 42 U.S.C. § 1983. Plaintiff appears to be dissatisfied with the performance of the public defender. The letter includes a prayer for relief ranging from dismissal of pending state criminal charges, to a request for housing, to issuance of a Certificate of Nationality, to monetary damages. No defendant is specifically named.[1] Plaintiff has neither pre-paid the $350

---

[1] The Clerk of the Court construed the letter as asserting a claim against the State of New Jersey. The Eleventh Amendment to the U.S. Constitution would bar such a claim in federal court.

civil action filing fee, nor the $5 habeas corpus filing fee, nor submitted an application for leave to proceed in forma pauperis.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to

20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002);

3

Johnson v. United States, 79 Fed.Cl. 769 (2007). The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

For these reasons alone, the action is subject to administrative termination.

In addition, the letter, copied to various state and federal agencies and officials, is not sufficient to state a claim. A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). A complaint must identify the person or entity believed to be liable to the Plaintiff. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School

4

Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

In addition, a complaint must comply with the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  ...  If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

Finally, to the extent the requested relief is release from confinement, the appropriate avenue to seek that relief is a petition for writ of habeas corpus, generally following exhaustion of state remedies.  See, e.g., 28 U.S.C. §§ 2241, 2254; Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).  The

minimal allegations of the letter do not suggest that the requirements for a petition for writ of habeas corpus have been met.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to move to re-open within 30 days.

An appropriate Order will be entered.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: May 14, 2009